**Herbert SELLERS**

v.

**GENERAL MOTORS CORPORATION, et al.**

**Civ. A. No. 83–3962.**

United States District Court, E.D. Pennsylvania.

Jan. 30, 1984.

Mark R. Cuker, Wapner, Newman & Associates, Philadelphia, Pa., for plaintiff.

Mark L. Alderman, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Hogan, Wright and American Seating Co.

William J. O'Brien, Hunt, Kerr, Bloom, Hitchner, O'Brien & Conrad, Philadelphia, Pa., for Stewart.

William V. Coleman, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for General Motors Corp.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

By a memorandum opinion and order dated January 3, 1984 I dismissed Counts I and II of plaintiff's complaint, denied the motions to dismiss Count III and granted the motions to dismiss Count IV but granted leave to plaintiff to file an amended complaint. Defendants American Seating Company, Arthur Hogan and Bruce Wright seek reconsideration of the motion only insofar as their collateral estoppel claim on Counts III and IV is concerned.

The relevant factual history of Civil Action 83–3963 and the underlying litigation, which spawned the filing of the present action, *Sellers v. General Motors Corp.,* Civil Action 80–1847, is set forth in the memorandum opinion *Sellers v. General Motors Corp.,* No. 83–3960 (E.D.Pa. January 3, 1984) accompanying the January 3, 1984 order. Basically, the complaint in Civil Action 83–3962 seeks damages for the alleged illegal conduct of the defendants in securing a jury verdict in favor of defendant General Motors in Civil Action 80–1847.

Defendants American Seating Company, Bruce Wright and Arthur Hogan have asked this court to reconsider the January 3, 1984 order in light of their contention that their motion to dismiss contained a collateral estoppel argument which the January 3, 1984 memorandum opinion did not address. The motion will be denied. Although the memorandum opinion did not specifically identify the collateral estoppel issue by name, I did consider that argument.

In explaining the factual history of the case I observed that after plaintiff's motion for remand was denied and the judgment in favor of the defendant affirmed by the court of appeals, "plaintiff filed a motion in the district court seeking relief from the judgment and again seeking a new trial *alleging almost verbatim* the contentions set forth in the petition for remand that had been filed and denied by the court of appeals." *Id.* slip op. at 1–2 (emphasis

added). The renewed motion based on Rule 60(b) was also denied. I then explained that while the second motion for a new trial was pending before this court, plaintiff filed Civil Action 83–3962. I noted that "plaintiff once again seeks a new trial against [General Motors] by way of equitable relief (Counts I and II)." *Id.* at 2. I then described Count III as a civil rights claim under 42 U.S.C. § 1985 against the corporate defendants, General Motors and American Seating Company, and Count IV as a claim under RICO, 18 U.S.C. § 1964, against all defendants.

■ I thereafter stated that Counts I and II would be dismissed because Rule 60(b) entitles a party to proceed by motion *or* an independent action in equity. Plaintiff chose to proceed by motion and I held that "[b]y choosing to proceed by a Rule 60(b) motion, plaintiff should not be permitted *to relitigate the same issue* by thereafter filing an action in equity." *Id.* at 5 (emphasis added). I chose to base my decision preventing plaintiff from relitigating the issues raised in Counts I and II on the plain reading of Rule 60(b), rather than collateral estoppel. As Rule 60(b) states, it is possible to challenge an earlier adverse decision by an independent action in equity, thus defendants' collateral estoppel argument technically missed the mark. It was because plaintiff had already chosen to proceed by motion under Rule 60(b) that he was prevented from relitigating Counts I and II in an independent action under Rule 60(b) (even though plaintiff didn't label it as such). Thus, the collateral estoppel argument advanced by defendants is represented in the January 3, 1984 memorandum opinion in those pages discussing relitigation by an independent action in equity under Rule 60(b).

■ Defendants have not and can not seriously contend that Counts III and IV are barred by the doctrine of collateral estoppel. It is a fundamental axiom of the doctrine of collateral estoppel that the issue must have been necessary to the previous action, actually litigated and finally determined. It is evident that the civil

rights claim under 42 U.S.C. § 1985 and the RICO claim under 18 U.S.C. § 1964 were not advanced in the earlier action at all, and were not litigated.

The motion will be denied.